FILED

2013 Aug-23  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **MARY C. JOHNSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-10-S-2537-M** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Mary Johnson, commenced this action on September 17, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is

---

[1] This case has a unique procedural posture. The first administrative decision, denying claimant's benefits, was issued on July 14, 2009. Tr. 56-61. Plaintiff filed a timely appeal of that decision in this court, but the case was remanded to the Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g) on January 4, 2011. Doc. no. 7. The reason for the remand was that the cassette tape from the administrative hearing was defective. *Id.* at 2. The Commissioner conducted a supplemental hearing on September 7, 2011, *see* Tr. 452-73, and the ALJ issued a new, unfavorable decision on October 19, 2011. Tr. 6-14. The court's present task is to review the ALJ's October 19, 2011 decision.

substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician and improperly evaluated her credibility and complaints of subjective symptoms.  Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

## A.   Treating Physician

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.  Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a

claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.  *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. John Boggess, claimant's primary care physician, submitted a letter to the Commissioner on December 24, 2008, stating:

> Ms. Charlene Johnson is under my care presently and has been so since April of 1984.  She had been gainfully employed until 1995 when she began having difficulty with memory disturbance, depressive symptomatology and back pain.  She was having problems with significant depression, lethargy and despite being on multiple antidepressants she really failed to improve and from that point on Ms. Johnson was unable to go back to work due to those problems.
>
> She has continued to have the depressive symptomatology off and on since that time and unfortunately in 2007 she developed an occluded

3

right internal carotid artery and had a CVA in the left frontal area.  Since that time she has had increasing impairment with memory and cognitive abilities.  At this point she remains completely and totally disabled.  I anticipate this is going to be a long term and permanent situation.[2]

Dr. Boggess submitted a similar letter on April 12, 2011, stating:

    Ms. Johnson is currently under my care and has been under my care since April 24, 1984.  She began suffering from depressive symptomatology as far back as 1995 and has been tried on a multitude of antidepressants since that time.  Back in 1995 she began having difficulty with memory disturbance and profound lethargy.  She was having mood swings and disturbances.  From that point on she continued to suffer from depressive symptomatology.  She continued under a lot of stress with family issues and ultimately got [to] the point that Ms. Johnson was unable to perform any work activities due to her depressive symptoms.  It continued to be a problem for Ms. Johnson through the years.  She continued under stress with a father with Alzheimer's, mother's [sic] whose health was bad, a husband who suffered from other medical problems, and raising a child.  Ms. Johnson, despite being on multiple antidepressants, really did not respond well to the medication.  She declined help from psychiatrist [sic].  She did in fact take medical leave from her job to see if that would make her feel better as far as her stress and depressive symptomatology.

    Beginning in 1995 Ms. Johnson has continued with problems of depression, chronic headaches and memory disturbance and this has all been worsened by a motor vehicle accident that occurred in 2007 which resulted in her having an occluded right internal carotid artery and significant closed-head injury.  She continues to suffer from these same symptoms today.  She has been unable to work and was mentally unable to work prior to 12/31/2001.[3]

The ALJ afforded little weight to Dr. Boggess' opinion, reasoning that "the course of treatment pursued by the doctor has not been consistent with what one

---

[2] Tr. 449.

[3] Tr. 451 (alterations supplied).

would expect if the claimant were truly disabled, as the doctor has reported."[4]   The ALJ also noted that she was not required to accept Dr. Boggess' opinion that claimant was disabled, as that is a decision reserved to the Commissioner.[5]   Finally, the ALJ stated:

> Dr. Boggess has treated the claimant since at least 1985.  While that is normally a factor in the claimant's favor, the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another.  Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients' requests and avoid unnecessary doctor/patient tension.  While it is difficult to confirm the presence of such motives, they are more likely in situations where the short summary opinion in question departs substantially from the rest of the evidence of record, as in the current case.[6]

The ALJ's findings are in accordance with applicable law.  The ALJ evaluated the extent to which Dr. Boggess' opinion was consistent with his own medical records and the other medical evidence of record, as discussed in *Phillips, supra.*  The ALJ's findings also are supported by substantial evidence.  As the ALJ pointed out, the record indicates that the treatment claimant received from Dr. Boggess was sporadic, routine, and conservative.[7]   While claimant no doubt has a history of depressive symptoms and other mental impairments, there is no indication in the record that those

---

[4] Tr. 12.

[5] *Id.*

[6] Tr. 12-13.

[7] *See* Tr. 11-12, 365-429.

impairments were so severe that they would prevent her from performing work on a sustained basis. There also is no indication that the ALJ improperly "played doctor" by substituting her judgment for that of the medical professionals, as claimant asserts.[8] The ALJ did not *improperly* make medical findings independent of the medical record; instead, she *properly* evaluated the medical opinions in the record for their consistency with the remainder of the medical evidence.

## B.   Pain and Credibility

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "[s]he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) (alteration supplied).

The ALJ in the present case properly applied these legal principles. She found that claimant's medically determinable impairments could reasonably have been

---

[8] *See* doc. no. 13 (claimant's brief), at 7.

6

expected to produce the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[9]   This conclusion was in accordance with applicable law.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support her findings.  She stated:

> The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual.  As shown above, for both the claimant's sciatica and depression, the record reflects significant gaps in the claimant's history of treatment.  Further, the treatment has been essentially routine and conservative in nature, consisting of antidepressant medication and moderate pain medication.  . . .[10]

She also noted that claimant did not report any side effects from her depression medication, and that she did not take any pain medication on a regular basis.  *See* 20 C.F.R. § 404.1529(c)(3)(iv).  Finally, the ALJ found that claimant's daily activities were more extensive than would be expected from a person with claimant's alleged limitations.[11]   *See* 20 C.F.R. § 404.1529(c)(3)(i).   All of these conclusions were supported by substantial evidence.  As discussed in the preceding section, there simply

---

[9] Tr. 11.

[10] Tr. 12.

[11] *Id.*

7

is no evidence that claimant's impairments actually caused disabling limitations.

## C.      Conclusion and Order

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 23rd day of August, 2013.

_____
United States District Judge